CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/3/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RALPH L. HAYES,<br><br>　　　　　　　　　*Plaintiff*,<br>　v.<br>FAY SERVICING, LLC,<br><br>　　　　　　　　　*Defendant.* | CASE NO. 6:22-cv-00040<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Ralph Hayes, proceeding *pro se*, brings several claims against Defendant Fay Servicing, LLC, claiming that Defendant lacks the authority to foreclose on his property. Defendant moves to dismiss the case and Plaintiff moves for a preliminary injunction. For the following reasons, the Court will grant Defendant's motion to dismiss the case and will deny Plaintiff's motion for a preliminary injunction.

**Background**[1]

On or around May 2002, Plaintiff Hayes, a Virginia citizen, and his wife, Catherine Hayes, purchased property located at 1107 Ashburn Drive, Forest, VA 24551 and obtained a loan through the Bank of America for approximately $255,000. Dkt. 3 ¶¶ 1.1, 2.1. On or around November 2003, Hayes and his wife refinanced the property with Homecomings Financial in the amount of $353,100. *Id.* ¶ 2.2.

---

[1] The following alleged facts are assumed true for purposes of resolving this motion. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).

1

On or around December 8, 2005, Hayes and his wife met with a notary who requested that they sign loan documents from United Mortgage Lenders, Inc. *Id.* ¶ 2.4. After reviewing the documents, Hayes and his wife decided not to sign the documents and contacted their loan processor. *Id.* On the following day, Hayes and his wife marked the documents that they wanted changed and delivered the loan documents to the notary's home. *Id.* ¶ 2.5.

On December 10, 2005, Hayes' wife stated that the notary told her that "United Mortgage Lenders, Inc. made [him] change the dates from the 9th to the 8th on some of [their] documents" without Hayes' or his wife's consent. *Id.* ¶ 2.7. A few days later, Hayes and his wife signed Notice of Right to Cancel letters, claiming the documents contained incorrect loan numbers, had been altered by having the date changed, and had an incorrect payment amount to Homecomings Financial. *Id.* ¶¶ 2.8–2.10. On or around December 8, 2005, Hayes and his wife executed a Note and a Deed of Trust on the property with United Mortgage Lenders, Inc. Dkt. 10-1 at 2–22.[2]

The mortgage was transferred to HSBC Mortgage Services. *Id.* ¶ 2.6.[3] On or around December 2007, HSBC escalated the loan due to non-payment. *Id.* ¶ 2.12. On January 22, 2008, Hayes and his wife filed for Chapter 13 bankruptcy to stop the foreclosure, but it was dismissed

---

[2] In reviewing a Rule 12(b)(6) motion to dismiss, the Court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (internal quotation marks omitted). Although Plaintiff disputes signing the Note and the Deed of Trust, *see* Dkt. 3 ¶ 2.11, the Court notes that Hayes acknowledges the existence of the Deed of Trust on the face of the complaint by discussing how mortgage servicers have moved for foreclosure based on non-payment and that he has filed in bankruptcy court in 2008 and 2015 to stop the foreclosure. *Id.* ¶¶ 2.13, 2.17, 2.20, 2.21. The Note and the Deed of Trust are further authenticated by being recorded in the Clerk's Office of Bedford County. Accordingly, in reviewing this motion to dismiss, the Court considers the Note and the Deed of Trust, attached to Defendant's motion to dismiss, because they are integral to the complaint and authentic.

[3] Hayes does not allege when his loan was transferred to HSCB.

because their counsel purportedly failed to attach the Deed of Trust to their filing. *Id.* ¶ 2.13.

On or around February 2012, HSBC agreed for Hayes to settle the mortgage for a fraction of the balance. *Id.* ¶ 2.15. Hayes, however, does not allege that HSBC formally agreed to settle the mortgage. In March 2012, Hayes made his last payment to HSBC. *Id.* ¶ 2.16. In May 2012, HSBC accelerated Hayes' and his wife's loan. *Id.* ¶ 2.17.

On November 1, 2013, their loan was transferred to Caliber Home Loans, Inc. *Id.* ¶ 2.18. In March 2015, Caliber accelerated the loan and moved for foreclosure on Hayes' property. *Id.* ¶ 2.20. On April 21, 2015, Hayes again filed for Chapter 13 bankruptcy to stop the foreclosure, claiming he had "cancelled the loan" and that HSBC and Caliber had "only produced illegal loan documents." *Id.* ¶ 2.21. On September 15, 2015, the bankruptcy case was dismissed. *Id.* On April 24, 2015, their loan was transferred back to HSBC. *Id.* ¶ 2.22.

From 2005 to 2016, Hayes sent loss mitigation applications[4] and qualified written requests[5] to HSBC and Caliber. *Id.* ¶¶ 2.14, 2.24. HSBC and Caliber did not send notices to Hayes acknowledging receipt of his applications within five days but notified Hayes that they "need[ed] more time." *Id.* ¶ 2.24. *Id.* Since 2007, Hayes claims that he has attempted to refinance his property. *Id.* ¶ 2.27.

---

[4] The Real Estate Settlement Procedures Act ("RESPA") "requires servicers to give borrowers an opportunity to submit a *loss mitigation application* before pursuing foreclosure, and outlines certain procedures that servicers must follow concerning an application." *Phillips v. Wells Fargo Bank, N.A.*, No. 3:17-cv-00519, 2018 WL 659199, at *2 (E.D. Va. Feb. 1, 2018) (citing 12 C.F.R. § 1024.41(i)) (emphasis added).

[5] A "qualified written request" is a written correspondence that "(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Hayes' and his wife's loan was transferred to Defendant Fay. *Id.* ¶ 2.29.[6] Around January 2021, Fay claims that it sent out a change of services notification to Hayes. *Id.* ¶ 2.31. Hayes alleges that he never received such notice. *Id.* In April 2021, Orlans, PC, a company contracted by Fay, notified Hayes of a foreclosure sale on May 12, 2021. *Id.* ¶ 2.32. In that same month, Hayes and his wife submitted a loss mitigation application to Fay. *Id.* ¶ 2.34. Fay requested additional documents for the application. *Id.* On June 15, 2021, Hayes emailed additional documents to Fay. *Id.* Fay has not yet responded to the application or sent acknowledgement of it. *Id.* ¶ 2.35.

On May 11, 2022, Fay hired Orlans to commence the foreclosure sale on Hayes' property on July 13, 2022. *Id.* ¶ 2.37. On June 8, 2022, Hayes, through counsel, disputed the loan and forwarded a qualified written request to Orlans and Fay. *Id.* ¶ 2.38. Neither Orlans nor Fay has responded to the request. *Id.*

In his First Amended Complaint, Hayes asserts the following claims against Fay: (1) wrongful foreclosure, (2) slander of title, (3) violation of various state and federal consumer laws, (4) slander of credit, and (5) infliction of emotional distress. *Id.* at 6–9.

### Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all its allegations taken as true and all reasonable inferences drawn in a plaintiff's favor, *Rubenstein*, 825 F.3d at 212. A motion to dismiss "does

---

[6] Hayes does not allege when his loan was transferred to Fay.

not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotation marks omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (providing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").

Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Iqbal*, 556 U.S. at 679.

### Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim. Dkt. 9.[7] In assessing this motion, the Court proceeds by liberally construing the

---

[7] Defendant filed a motion to strike the second amended complaint, attached to Plaintiff's response, Dkt. 19, because Plaintiff did not ask for leave of Court or Defendant's consent prior to filing his second amended pleading as required by the Federal Rules of Civil Procedure. Dkt. 22; *see* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). Because Plaintiff did not seek leave of Court or Defendant's consent prior to filing the second amended pleading, the Court construes Dkt. 19 as Plaintiff's response to Defendant's motion to dismiss rather than a second amended complaint.

allegations in the First Amended Complaint and analyzing each cause of action alleged by Plaintiff.

### A. Alleged Wrongful Foreclosure

Plaintiff fails to state a wrongful foreclosure claim because Virginia does not recognize such a cause of action. *See Hardnett v. M&T Bank*, 204 F. Supp. 3d 851, 857 (E.D. Va. 2016), *aff'd sub nom.*, 699 F. App'x 242 (4th Cir. 2017); *Grenadier v. BWW L. Grp.*, No. 1:14-cv-827, 2015 WL 417839, at *8 (E.D. Va. Jan. 30, 2015), *aff'd*, 612 F. App'x 190 (4th Cir. 2015) (noting there "is no independent cause of action in Virginia for "'wrongful foreclosure'"); *Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure.").

### B. Alleged Slander of Title

Plaintiff asserts a slander of title claim against Defendant, claiming that it impaired his title by producing documents that had been altered and changed without his consent. Dkt. 3 ¶¶ 4.1–4.3. To state a slander of title claim under Virginia law, Plaintiff must allege (1) the publication of slanderous words by Defendant, (2) the falsity of Defendant's words, (3) that Defendant's words were made with malice or in reckless disregard of the truth, and (4) special damages. *Lodal v. Verizon Va., Inc.*, No. cl–2007–2178, 2007 WL 5984179 (Va. Cir. Aug. 22, 2007); *Celebrate Va. S. Holding Co., LLC v. CVAS Prop. Mgmt., LLC*, 569 F. Supp. 3d 316, 346 (E.D. Va. 2021); *Evans v. PlusOne Sports, LLC*, 686 F. App'x 198, 206 (4th Cir. 2017).

Plaintiff fails to allege facts showing that the false statements were made with malice or in reckless disregard of the truth. The Supreme Court of Virginia has defined malice as "some

sinister or corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure the plaintiff" or a communication "made with such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of the plaintiff." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) (quoting *Great Coastal Express, Inc. v. Ellington*, 334 S.E.2d 846, 851 n. 3 (Va. 1984), *overruled on other grounds by Cashion v. Smith*, 749 S.E.2d 526, 532 (Va. 2013)). Reckless disregard is defined as "something substantially higher than ordinary negligence, akin to willful and wanton behavior," that is in disregard to another person's rights or to any consequences, "with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* (internal quotation marks omitted). Plaintiff fails to allege any facts to support an inference that Defendant had a "sinister or corrupt motive" or acted willfully when it allegedly altered Plaintiff's loan documents. *See Poindexter*, 792 F.3d at 411.

Plaintiff also fails to sufficiently allege special damages. The Federal Rules of Civil Procedure require Plaintiff to plead special damages with specificity. *See* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). The primary purpose is to notify "defending parties as to the nature of the damages claimed in order to avoid surprise" and "to inform the court of the substance of the complaint." *Carnell Const. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 725 (4th Cir. 2014) (internal quotation marks omitted). In Plaintiff's slander of title claim, he asserts that Defendant caused his title to be impaired and that he "should be awarded resulting damages." Dkt. 3 ¶ 4.1 But this fails to inform Defendant or the Court about the nature of the damages. Simply alleging damages exist is not enough to comply with Rule 9(g). *See, e.g.*, *Charleston Aluminum, LLC v. Samuel, Son & Co.*, No. 3:05-cv-02337, 2006 WL 2370292, at *3 (D.S.C. Aug. 15, 2006) ("Plaintiff fails to articulate

7

in the amended complaint what the special damages are, only that they allegedly exist."). Accordingly, Plaintiff's slander of title claim will be dismissed for failure to state a claim for relief.

### C. Alleged Violation of Various State and Federal Consumer Protection Laws

Plaintiff asserts several violations of state and federal consumer protection laws. Dkt. 3 ¶¶ 5.1–5.9. First, Plaintiff contends that Defendant is time-barred from enforcing the terms of the Deed of Trust pursuant to Virginia Code § 8.01-241. *Id.* ¶ 5.1. The relevant Virginia Code Section provides:

> No deed of trust . . . given to secure the payment of money . . . shall be enforced after 10 years from the time when the original obligation last maturing thereby secured shall have become due and payable according to its terms and without regard to any provision for the acceleration of such date[.]

Va. Code § 8.01-241(A). The Deed of Trust securing the loan on Plaintiff's property has a maturity date of January 1, 2046, which is the date on which the applicable statute of limitations will begin to run. Dkt. 10-1 at 2. Thus, Plaintiff fails to state a time-barred claim pursuant to Virginia Code § 8.01-241 because the statute of limitations has not run.

Next, Plaintiff asserts that Defendant has "potentially violated" the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 3 ¶ 5.2–5.3. The FDCPA generally only applies to debt collectors. *See Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010), *aff'd*, 442 F. App'x 816 (4th Cir. 2011). Accordingly, this claim will be dismissed because Defendant, as a mortgage servicer, does not qualify as a "debt collector" under the FDCPA. *See e.g.*, *In re Rivera*, No. 13-14351, 2014 WL 287517, at *8 (Bankr. E.D. Va. Jan. 27, 2014) ("It is well established in [the Fourth Circuit] that mortgage servicers are not debt collectors within the meaning of the FDCPA."); *Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp. 2d 877, 879 (E.D.

8

Va. 2012); *Ruggia*, 719 F. Supp. 2d at 648.

Plaintiff also alleges violations under the Real Estate Settlement Procedures Act ("RESPA") for Defendant's failure to respond to Plaintiff's "notice of error" and loss mitigation application. Dkt. 3 ¶¶ 5.4–5.7. Plaintiff's RESPA claims, pursuant to 12 C.F.R. §§ 1024.35 & 1024.39, will be dismissed because "12 C.F.R. §§ 1024.35 [and] 1024.39 . . . do not explicitly provide a cause of action to private individuals." *Brown v. Bank of N.Y. Mellon*, No. 1:16-cv-194, 2016 WL 2726645, at *2 (E.D. Va. May 9, 2016); *see Miller v. HSBC Bank U.S.A., N.A.*, No. 13-cv-7500, 2015 WL 585589, at *11 (S.D.N.Y. Feb. 11, 2015).

His remaining RESPA claims also fail because he does not sufficiently allege damages. To state a RESPA claim, Plaintiff must plead actual pecuniary or economic damages that "flow directly from" the alleged RESPA violation. *Reynolds v. Ward*, No. cv-18-3921, 2019 WL 3779755, at *6 (D. Md. Aug. 12, 2019). "Courts have consistently held that conclusory allegations are insufficient to establish actual damages under RESPA, particularly where the pleadings fail to specify how the alleged damages were caused by the specific RESPA violation asserted." *Id.*; *see Luther v. Wells Fargo Bank*, No. 4:11-cv-57, 2012 WL 4405318, at *7 (W.D. Va. Aug. 6, 2012), *report and recommendation adopted*, No. 4:11-cv-57, 2012 WL 4405128 (W.D. Va. Sept. 25, 2012); *In re Ginn*, 465 B.R. 84, 95 (Bankr. D.S.C. 2012) ("find[ing] that Plaintiffs' assertion of damages without any supporting facts as to how they were damaged is insufficient to establish a claim for violation of RESPA"); *see also Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1011 (11th Cir. 2016) ("Damages are 'an essential element' of a RESPA claim.").

Here, Plaintiff asserts that he is entitled to damages and treble damages for the alleged RESPA violations, but he fails to state any concrete or particularized injury resulting from

9

Defendant's failure to respond to Plaintiff's "notice of error" and loss mitigation application. *See* Dkt. 3 ¶ 5.8; *see, e.g.*, *Law v. Ocwen Loan Servicing, LLC*, 587 Fed. Appx. 790, 795 (5th Cir. 2014) ("Because [the plaintiff] alleged no facts upon which his injuries could be viewed as resulting from [the defendant's] failure to provide him with notice under RESPA, we conclude that the district court correctly dismissed his claim."). Thus, Plaintiff fails to state a claim under RESPA.

### D. Alleged Slander of Credit

Plaintiff's slander of title claim fails because Virginia does not recognize such a cause of action. *Norman v. Wells Fargo Bank, N.A.*, No. 3:17-cv-585, 2018 WL 1037048, at *5 (E.D. Va. Feb. 23, 2018), *appeal dismissed and remanded*, 749 F. App'x 205 (4th Cir. 2019); *see also Robinson v. Moynihan*, No. 3:21-cv-122, 2021 WL 2346107, at *7 (E.D. Va. June 8, 2021) ("Virginia does not recognize a cause of action for slander of credit.").

### E. Alleged Intentional and Negligent Infliction of Emotional Distress

Lastly, Plaintiff claims that Defendant intentionally or negligently caused him severe emotional distress and anxiety. Dkt. 3 ¶ 7.1.

To state a claim for intentional infliction of emotional distress in Virginia, Plaintiff must show (1) "the wrongdoer's conduct was intentional or reckless," (2) "the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality," (3) "a causal connection between the wrongdoer's conduct and the emotional distress," and (4) "the emotional distress was severe." *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974); *see also Faulkner v. Dillon*, 92 F. Supp. 3d 493, 500 (W.D. Va. 2015). To survive a

10

motion to dismiss, "the behavior alleged must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Viers v. Baker*, 841 S.E.2d 857, 863 (Va. 2020) (internal quotation marks omitted).

The only discernable conduct here arises from the pending foreclosure of Plaintiff's property after non-payment. Courts, however, have overwhelmingly found that "home foreclosures do not provide a basis for a viable intentional infliction of emotional distress claim." *Robinson*, 2021 WL 2346107, at *7; *see also Norman*, 2018 WL 1037048, at *5 ("While enduring a home foreclosure is undoubtedly upsetting, foreclosure is a legal remedy that Plaintiff agreed to furnish to Defendant in the event of [his] default."). Thus, nothing alleged amounts to the degree of conduct necessary to state a claim for intentional infliction of emotional distress.

Under Virginia law, a negligent infliction of emotional distress claim requires Plaintiff to have experienced physical injury. *See Delk v. Columbia/HCA Healthcare Corp.*, 523 S.E.2d 826, 833 (Va. 2000); *Klar v. Fed. Nat. Mortg. Ass'n*, No. 3:13-cv-00462, 2014 WL 412533, at *7 (E.D. Va. Feb. 3, 2014). Because Plaintiff does not allege that he suffered any physical injury, the negligent infliction of emotional distress claim will be dismissed.

### **Plaintiff's Motion for Preliminary Injunction**

Plaintiff seeks a preliminary injunction to prevent Defendant from foreclosing on his property. Dkt. 20. To obtain a preliminary injunction, Plaintiff must establish: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that the injunction is in the public interest." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Such

relief constitutes an "extraordinary remedy" that is never awarded as of right. *See Winter*, 555 U.S. at 24. It is an "extraordinary and drastic remedy" that may only be awarded when a movant establishes by a clear showing entitlement to relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). As discussed above, Plaintiff has failed to state a claim for relief and thus has not established that he is likely to prevail on the merits. *See Winter*, 555 U.S. at 20. Accordingly, his motion will be denied.

## Conclusion

For the above reasons, the Court will grant Defendant's motion to dismiss, Dkt. 9, will deny Plaintiff's motion for a preliminary injunction, Dkt. 20, and will dismiss the case.

The Clerk of Court is directed to send this Memorandum Opinion to Plaintiff and to all counsel of record.

Entered this **3rd** day of April, 2023.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE