CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/5/2023
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **RALPH L. HAYES,** | ) |
| Plaintiff, | ) Case No. 6:22-cv-00040 |
| v. | ) Hon. Robert S. Ballou |
| | ) United States District Judge |
| **FAY SERVICING, LLC,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Ralph Hayes, proceeding *pro se*, filed this civil action against Defendant Fay Servicing, LLC ("Fay"), alleging that Fay lacked authority to foreclose on his property and seeking injunctive relief. On April 3, 2023, the Court dismissed this action and denied Hayes's motion for injunctive relief. Dkt. 35. Hayes has since filed several motions for relief from final judgment. Dkt. 36, 39, 40, 45, 48, 50. He has also requested court-appointed counsel and mediation. Dkt. 37, 46, 47. Hayes's motions for relief from final judgment are **DENIED**. His motions for court-appointed counsel and mediation are **DENIED** because this case has been stricken from the active docket. Dkt. 35. Finally, his motions to amend the complaint are **DENIED** as futile. Dkt. 36, 40, 45, 48, 50.

Hayes argues that the court should set aside the judgment dismissing his complaint based upon fraud, misrepresentation, and misconduct by the defendant in obtaining the dismissal. Fed. R. Civ. P. 60(b)(3). Hayes does not provide any specific instances of fraud or wrongdoing by the defendant which led to the court's decision to dismiss this action. Nor does the record reveal any other reasons to set aside the judgment under Rule 60(b). Instead, Hayes pivots to an argument that he should be given leave to file an amendment complaint to add new defendants and make

substantial changes to his allegations. Hayes also presents a summary of his claims against Fay. Fay argues in opposition that Hayes does not present new arguments and that there are no exceptional circumstances that warrant relief.

Rule 60(b)(3) "provides that a court 'may relieve a party' from a 'final judgment, order, or proceeding' for 'fraud . . . misrepresentation, or misconduct by an opposing party." Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1010 (4th Cir. 2014). The rule "focuses on the unfair means by which a judgment or order is procured." Id. To succeed on a Rule 60(b)(3) motion, the moving party must (1) have a meritorious claim or defense; (2) prove misconduct by the opposing party by clear and convincing evidence; and (3) prove that the misconduct prevented the moving party from fully presenting his case. Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).

Hayes has not shown by clear and convincing evidence any misconduct by the defendant in obtaining the dismissal. He recites the text of Rule 60(b)(3) in his motions but provides no specific facts showing misconduct or fraud by the defendant. Instead, Hays requests leave to file an amended complaint. It is not simply that Hayes has failed to present clear and convincing evidence of misconduct—he has not alleged that any misconduct by Fay occurred which caused the court to dismiss his suit. Further, Hayes has not proven that any misconduct by Fay prevented him from fully presenting his case. His requests to amend the complaint demonstrates that insufficiencies in the facts of his case, not misconduct, led to the dismissal. I find that there are no grounds under Rule 60(b)(3) to set aside the final order.

Leave to amend is not appropriate here.[1] A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant. Id. "The court should freely give leave when justice so requires." Id. The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

"A district court may not deny [a motion to amend] simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Id. at 427. A post-judgment motion to amend "is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Id. A court may not grant a post-judgment motion to amend, however, unless the judgment is vacated pursuant to Rule 59(e) or 60(b). Id.

Hayes has filed five motions for leave to amend since the Court entered judgment against him in April 2023. See Dkt. 36, 40, 45, 48, 50. He filed two proposed amended complaints which appear identical. Dkt. 45, 49. Hayes argues that the Court should grant him leave to amend for the same reasons articulated in opposition to Fay's motion to dismiss, by which the Court was not persuaded. Namely, Hayes asserts vaguely that the amendment will bring "substantial

---

[1] Hayes filed his first amended complaint in August 2022 before Fay had filed a responsive pleading. Dkt. 3. He then filed a second amended complaint in October 2022 but did not file an accompanying motion. Dkt. 19. The Court treated this filing as Hayes's response to Fay's motion to dismiss, not as a second amended complaint. Dkt. 34 at 5 n.7.

changes, new facts, allegations, and additions." Dkt. 36 at 3, 40 at 3, 45 at 3, 48 at 3. Hayes's proposed complaints, Dkt. 45, 49, name a number of new entities although he fails to state clearly which of the entities he intends to name as defendants. He attempts to assert federal claims under the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5301–5641, and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x. He also attempts to assert state law claims under the Virginia Consumer Protection Act ("VCPA"), several provisions of Virginia's criminal code, Title 18.2, several statutes of limitations provisions in Title 8, Virginia's property and conveyances code, Title 55.1, Virginia's notaries code, Title 47.1, and Virginia's trade and commerce code, Title 59.1. Notably, Hayes does not state with specificity what actions were taken by any particular defendant giving him a cause or right of action against that defendant. Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Otherwise, the proposed amended complaints are built upon conclusory allegations rather than providing a short a plain statement of the claims asserted showing that he is entitled to relief. Fed. R. Civ. P. 8.

    The Court dismissed the first amended complaint asserting the similar federal and state consumer protection claims. Dkt. 34 at 8–10. Specifically, the Court found that Hayes had failed to state claims for relief under Title 8 of the Virginia Code, Truth in Lending Act, Fair Debt Collections Practices Act, the Real Estate Settlement Practices Act, the Consumer Financial Protection Act, and the Fair Credit Reporting Act. See Dkt. 34 at 6–11; 3 at 9. The court dismissed the FDCPA claim as a matter of law because Fay Servicing is not a debt collector, and he alleges no facts that the defendants in the proposed amended complaint are debt collectors

within the meaning of the statute. Similarly, the RESPA claim was dismissed as a matter of law because the violations complained of did not give rise to a private cause of action. Also, Hayes failed to adequately allege damages. The proposed amended complaint fails to cure this deficiency as Hayes still has not adequately alleged recoverable damages under RESPA. Similarly, a violation of the Consumer Financial Protection Act does not provide a private cause of action. See Gingras v. Rosette, No. 5:15-cv-101, 2016 WL 2932163, at *22, (D. Vt. May 18, 2016).

The Truth in Lending Act "provides a private right of action for civil liability against any creditor that fails to comply with any requirement imposed under TILA." Boardley v. Household Fin. Corp. III, 39 F. Supp. 3d 689, 704 (D. Md. 2014) (citing 15 U.S.C. § 1640(a)). Hayes asserts that the disclosures he received as required under TILA "are fraudulent," Dkt. 45 at 5; 49 at 5. But later in the proposed amended complaints he said he "never received the [Truth in Lending Disclosures] three-days prior to closing." Dkt. 45 at 11; 49 at 11. Allowing an amendment on this claim would be futile because Hayes has not alleged with any specificity facts sufficient to plausibly assert a TILA claim.

The Fair Credit Reporting Act provides no private right of action for failing to provide correct information to a credit reporting agency under 15 U.S.C. § 1681s-(2)(a). A claim can exist under 15 U.S.C. §1681s-2(b) for failing to correct wrongful information brought to the attention of the creditor by the reporting agency. Hayes has not alleged that he reported the incorrect information to the credit reporting agency or that it notified any of the mortgage servicers. Thus, he can have no claim under the Fair Credit Reporting Act. See Sprague v. Salisbury Bank & Tr. Co., 969 F.3d 95, 98–99 (2d Cir. 2020). Reassertion of these claims in yet

another amended complaint would be futile because the Court's reasoning in dismissing the claims remains applicable.

Leave to amend on Hayes's other claims would also be futile. At base, these claims arise from the same facts that Hayes alleged in his first amended complaint: the deed of trust that secures his property is fraudulent. Dkt. 45 at 1; 49 at 1. The Court previously found that this fact and Hayes's remaining assertions do not give rise to any claims for relief. Any amendment to allow Hayes to bring claims on the state law theories alleged would be futile because the Court already determined that the factual circumstances underlying this action do not state a claim upon which relief can be granted.

I will explain the futility of each newly proposed claim for relief. First, the Virginia criminal statutes Hayes cites do not provide a private right of action and therefore an amendment to allow Hayes to bring these claims would be futile. See Vansant & Gusler, Inc. v. Washington, 429 S.E.2d 31, 33 (Va. 1993) (finding that a "purely criminal statute proscribing certain conduct" does not provide a private right of action). Second, Hayes references portions of the Virginia Code concerning notaries, Title 47.1, property and conveyances, Title 55.1, and trade and commerce, Title 59.1. If these sections of the Virginia Code give rise to private rights of action, they only do so under Virginia law. Therefore, without exercising supplemental jurisdiction, the Court has no subject matter jurisdiction over these remaining state law claims. Hayes alleges that Fay is a Virginia corporation, and thus there is no diversity jurisdiction. 28 U.S.C. § 1332. And federal question jurisdiction does not lie here because all claims that Hayes attempts to assert that arise under federal law are futile. 28 U.S.C. § 1331. Therefore, it would be futile to grant Hayes leave to amend and add these state law claims because the Court does not have subject matter jurisdiction over them and I would not elect to exercise supplemental jurisdiction because

they raise novel or complex issues of Virginia law, 28 U.S.C. § 1367(c)(1), and because the court has "dismissed all claims over with [the Court] has original jurisdiction." Id. § 1367(c)(3).

Hayes's motions for relief from final judgment are **DENIED**. Because this case has already been stricken from the active docket of this Court, and because I have denied Hayes's Rule 60(b) motions, the Clerk is directed to terminate the remaining active motions on the docket. Dkt. 37, 46, 47.

An appropriate order shall issue.

Entered: September 5, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge